## AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT

**AFFIANT BACKGROUND**

1. Your affiant in this matter, Detective Timothy Palchak, has been a police officer with the Metropolitan Police Department since 1994. In 2000, your affiant was promoted to Detective Grade 2 and is currently serving at this rank.

2. During your affiant's twelve-year tenure with the Metropolitan Police Department, he has been assigned to the Third District Patrol Operations, Prostitution Enforcement Unit, and is currently assigned to the Northern Virginia Regional Internet Crimes Against Children Task Force. Your affiant has received training in the following subject areas: Family Violence and Child Protection, Basic Investigator Course, Interview and Interrogation, Sexual Assault Nurse Examination, Children's Hospital Conference on Responding to Child Maltreatment, Child Abuse and Child Exploitation Investigation techniques, undercover Internet Crimes Against Children (ICAC) investigations course and Image scanning.

3. Your affiant has made numerous arrests and interviewed numerous victims, witnesses, and suspects. Your affiant has participated in numerous child abuse investigations, child sex abuse investigations and ICAC investigations. In November of 2005, the affiant received cross designation training from Immigration and Customs Enforcement (ICE).

**DEFINITIONS/TERMS**

   A. **The terms "records," "documents," and "materials,"** as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including, but not limited to, writings, drawings, paintings), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies), mechanical form (including, but not

limited to, phonograph records, printing, typing) or electrical, electronic, magnetic or photo-optical form (including, but not limited to, tape recordings, cassettes, compact discs, electronic, photo-optical or magnetic storage devices such as floppy diskettes, hard disks, CD-ROMs, digital video disks (DVDs), Personal Digital Assistants (PDAs), Multi Media Cards (MMCs), memory sticks, optical disks, printer buffers, smart cards, memory calculators, electronic dialers, Bernoulli drives, or electronic notebooks, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

    B. **Yahoo!** is a commercial computer service, also known as a commercial bulletin board, offering subscribers the ability to communicate online with other individuals through, *inter alia*, chat rooms, e-mail and/or instant messaging.

    C. **An Internet chat room** is an electronic meeting room provided by Yahoo! and other similar services that allows groups of two or more Internet users to have conversations. An Internet user using an Internet chat room chooses a unique identifier, i.e., a screen name, in order to identify himself or herself to other users of the service. To communicate using a Yahoo! Internet chat room, each user must have access to a computer that is connected to the Internet such that it can communicate with Yahoo! chat servers located in California. Each Yahoo! chat room user can communicate with other users also logged in to Yahoo! at the same time in real time through chat rooms, private chat rooms, or instant messages. Within the system, text messages as well as other types of messages (such as graphic images or photographs) can be sent to a user. Both text and graphics files can be saved to the user's computer hard drive or other electronic media for access and printing at any time.

INVESTIGATION

4. On Thursday, July 27, 2006, Detective Palchak (MPD) was acting in an undercover capacity as part of a multi- jurisdictional Internet Crimes Against Children (ICAC) Task Force. Detective Palchak was operating out of the ICAC satellite office in Washington, D.C. On Thursday, July 27, 2006, an individual using the screen name "lkrnson1" initiated contact with Detective Palchak who was using the screen name "daddysgrldc". Detective Palchak identified himself as a thirteen year-old female residing in the District of Columbia. The defendant who was using the screen name "lkrnson1" identified himself as a forty two year-old male who resides in northern Baltimore County, Maryland.

5. The defendant initiated a conversation in a private Yahoo chat room that started on Thursday, July 27, 2006 at 1235 hours, and ended at 1446 hours. During the course of the conversation, the defendant stated, "im glad u r a virgin". The defendant further stated, "nvr had oral sex or don't go there  wish I could be the first  ud be ruined for the other guys u'd be wobbling for a few hrs legs would.t be working right.  just start with cuddling petting and… oral." Daddysgrldc stated " like oral sex" and the defendant responding by stating, " im game if ur". Further, the defendant asked daddysgrldc if she was hairy and asked her how big her breasts were.

6. "Daddysgrldc" sent the defendant a photograph via the internet of a young girl wearing a bathing suit. The defendant invited "daddysgrldc" to view his picture on his Yahoo profile.

7. On July 27, 2006, the defendant made arrangements to meet "daddysgrldc" in front of 1317 Adams Street, Northeast, Washington, D.C. at 1600 hours. The defendant told "daddysgrldc" that he would be driving a small white pick up truck.

8. On  Thursday, July 27, 2006 at 1635 hours, the defendant was observed in front of

1317 Adams Street, Northeast, Washington, D.C. in a small white pick up truck. The defendant was stopped and placed under arrest without incident. The defendant waived his <u>Miranda</u> rights and provided a videotaped statement. The defendant admitted to traveling from Westminster, Maryland to Washington, D.C. for the purpose of meeting "daddysgrldc".

9. During his videotaped statement, the defendant signed a consent to search, authorizing members of the Metropolitan Police Department to seize evidence from the defendant's home, which is located at 24 Webster Street Westminster, Maryland. Pursuant to that consent, Metropolitan Police Department officers have searched defendant's home and seized items including: a Dell Inspiron computer P-3 2500 (model no. pp02l); a Cannon EOS digital camera; a Kodak DX 3600 camera; and a HP 9600 P-3 computer (model no. GFDM 49120694A).

10. Based on your affiant's knowledge, training and experience, your affiant knows that data storage devices, including computers, previously seized from defendant's room may be important to this criminal investigation in two distinct ways: (1) the objects themselves may be contraband, evidence, or instrumentalities of crime, and/or (2) the objects may be used as storage devices that contain contraband, evidence, instrumentalities, or fruits of crime in the form of electronic data. Rule 41 of the Federal Rules of Criminal Procedure permits the government to search for and seize computer hardware, software, and electronic files that are evidence of crime, contraband, instrumentalities of crime, and/or fruits of crime. In this case, the warrant application requests permission to search both computers and other data storage devices as evidence and instrumentalities of crime as well as data stored in devices that are also evidence and/or contraband.

11. Based on your affiant's knowledge, training and experience, your affiant knows

that engaging in Internet chat room conversations can create evidence of the chat that will be stored on the computer used to access the Internet chat room service. Based on your affiant's knowledge, training and experience in investigations involving computers and electronic evidence, your affiant knows that incriminating evidence can be hidden or otherwise reside on almost any part of a computer's memory. Directories, files names and file extensions need not disclose the true nature of the contents of a file, making it easy for criminals to hide evidence. Accordingly, searching computers and other storage devices for the evidence described below may require a range of data analysis techniques. In cases such as this one, it is often not possible for agents to gather all relevant materials through "keyword" searches or by looking for only particular directories, file names, or file types. Criminals can mislabel or hide files and directories; encode communications to avoid using key words; attempt to delete files to evade detection; or take other steps designed to frustrate law enforcement searches for information. These steps may require agents to conduct more extensive searches, such as scanning areas of the disk not allocated to listed files, or opening every file and scanning its contents briefly to determine whether it falls within the scope of the warrant. In light of these difficulties, your affiant requests permission to use whatever data analysis techniques appear necessary to locate and retrieve the evidence described below.

12.     Based on your affiant's knowledge, training and experience in investigations of child exploitation and internet crimes against children, your affiant knows that adults who seek out children in Internet chat rooms and attempt to meet those children for sex, often also access child pornography, often accessing such contraband over the Internet and storing such contraband on computer storage devices. Your affiant knows that child pornographers generally prefer to store images of child pornography in electronic form as

computer files and that further records of Internet activity in search of child pornography can be found on computers used for this purpose.

13.     Based on your affiant's knowledge, training and experience in investigations of child exploitation and internet crimes against children, your affiant knows that a digital cameras such as the ones found in the defendant's residence can be used to create child pornography. Child pornography images can be stored initially on a memory card and can later be transferred and stored on a computer or other storage media. When used for the production of child pornography, such devices constitute instrumentalities of crime and the data stored on them is contraband.

**Items to be searched and examined**

    A.     A Dell Inspiron computer p-3 2500 (model # pp02L) for:

    (1)  all records or items relating to "daddysgrldc" (who is further described above) and "lkrnson!" (who is further described above), or use of Yahoo Internet chat rooms;

    (2) all records or items that evidence of ownership or use of the computer equipment found in the defendant's residence described above;

    (3) all records, including but not limited to correspondence, sales receipts, and bills, relating to Internet access relating to any Internet service provider;

    (4) all records, including keys, storage combinations, passwords, and paperwork which indicate any other storage containers or facilities, that could contain evidence of collection, advertising, transport, distribution, receipt, or possession of child pornography;

    (5) all envelopes, letters, documents, and other correspondence, including but not limited to, electronic mail, chat logs, IRC logs, ICQ logs, all other usage records for

distributed file sharing technologies, and electronic messages, offering to distribute and receive visual depictions of minors engaged in sexually explicit conduct, or to show evidence of a sexual interest in minors or desire or motive to advertise, distribute, transport, receive, collect and possess visual depictions of minors engaged in sexually explicit conduct.

    B.    A Cannon EOS digital camera for

    (1) images relating to "daddysgrldc" (who is further described above) and "lkrnson1" (who is further described above); and

    (2) images depicting minors engaging in sexually explicit conduct.

    C.    A Kodak DX 3600 camera for

    (1) images relating to "daddysgrldc" (who is further described above) and "lkrnson1" (who is further described above); and

    (2) images depicting minors engaging in sexually explicit conduct.

    D.    HP 9600 P-3 computer (Model # GFDM 49120694A) for

    (1) all records or items relating to "daddysgrldc" (who is further described above) and "lkrnson!" (who is further described above), or use of Yahoo Internet chat rooms;

    (2) all records or items that evidence of ownership or use of computer equipment found in the defendant's residence described above;

    (3) all records, including but not limited to correspondence, sales receipts, and bills, relating to Internet access relating to any Internet service provider;

    (4) all records, including keys, storage combinations, passwords, and paperwork which indicate any other storage containers or facilities, that could contain evidence of collection, advertising, transport, distribution, receipt, or possession of child

–7–

pornography;

(5) all envelopes, letters, documents, and other correspondence, including but not limited to, electronic mail, chat logs, IRC logs, ICQ logs, all other usage records for distributed file sharing technologies, and electronic messages, offering to distribute and receive visual depictions of minors engaged in sexually explicit conduct, or to show evidence of a sexual interest in minors or desire or motive to advertise, distribute, transport, receive, collect and possess visual depictions of minors engaged in sexually explicit conduct.

**CONCLUSION**

Based on the foregoing, I, Detective Palchak, respectfully submits that there is probable cause to believe that an individual residing at 24 Webster Street, Westminister, Maryland, has violated 18 U.S.C. § 2423(b) and thus, there is probable cause to search the computers and cameras which were found at that residence as described in this affidavit. I, therefore, respectfully request that the attached warrant be issued authorizing the search of the above listed items.

                                                                   _____
                                                                   Detective Timothy Palchak
                                                                   Metropolitan Police Department

Sworn to and subscribed before me this \_\_\_\_\_ day of August, 2006.

                                            _____
                                            UNITED STATES MAGISTRATE JUDGE